JjPEATROSS, J.
Defendant, Reginald Fontana, was convicted of second degree kidnapping and adjudicated an habitual offender and sentenced to 15 years at hard labor, without the benefit of probation, parole or suspension of sentence. Both Defendant and the State now appeal, and for the reasons stated herein, we affirm.
FACTS
The victim, SW, and Defendant were married but separated. On April 10, 2000, SW obtained a temporary restraining order (“TRO”) enjoining Defendant from coming into contact -with her or harassing her. On April 19, 2000, while the TRO was still in effect, SW entered her car which was parked in the parking lot of North Monroe Hospital. Defendant, who was hiding in the parking lot, opened one of the car doors with his spare key and forced himself into the car. SW attempted to exit the car, but Defendant prevented her from leaving the car by grabbing one of her arms and her hair.
Witnesses observed Defendant and SW struggling and called 911. Defendant drove SW’s ear to a wooded area near Moon Lake in Ouachita Parish where he and SW remained for a lengthy period of time. Law enforcement officers located them and watched them for several hours. During this time, they saw SW leave the car and also saw Defendant grab SW by the hair and push her back into the car. They further observed Defendant leaning, over SW and making hand and arm movements that caused them to believe that Defendant was injuring SW. Fearing for SW’s safety, the officers ran to the car, opened the door and pulled SW from the |2car. Defendant then started the car and proceeded to drive away, but the law enforcement officers fired their weapons at the car and caused it to stop.
The police then arrested Defendant and obtained a statement from SW, who stated that Defendant had kidnapped her, hit her and forced her to put her lips on his penis. The police then took photographs of SW’s bruises and charged Defendant with second degree kidnapping.
On the first day of trial, Defendant filed a motion alleging his present mental incapacity to proceed because of uncontrollable impulses that rendered Mm unable to assist counsel. At the competency hearing, Dr. Saxon Elliott testified, in response to a question concerning Defendant’s ability to discern right from wrong, that Defendant was able to discern right from wrong, but unable to control his impulses and that his condition would “suspend his ability to invoke the control mechanisms.” Based on the evidence presented, the trial court denied the motion and allowed the proceedings to continue.
Defendant, however, apparently was, in fact, able to control himself at the trial. SW testified at' trial that Defendant forced his way into her car at North Monroe Hospital, struggled with her, causing bruises, and forced her to go with him. She called her sister-in-law, Mary Fonta-na, on her cellular telephone and then called 911. She further testified, however, that she consented to being with Defendant after they reached the first traffic light and that everything that happened thereafter was consensual. The State then made a motion to treat SW as a hostile witness and the trial court granted that motion. The State then impeached SW’s testimony with her prior | inconsistent *574 statements that Defendant had kidnapped her, hit her and sexually abused her.
Wanda Weatherly, a witness called by the State, testified that on the morning of April 19, 2000, she saw a silver car leaving the parking lot of North Monroe Hospital and heard a woman screaming. Ms. Weatherly could not, however, identify the driver or passenger. Donna Wisner, another witness called by the State, also testified that she saw a silver, four-door car, on the morning of April 19, 2000, leaving the parking lot of North Monroe Hospital. She also heard a woman screaming and saw a man with his hands around the neck of the woman, but she was also unable to identify the man. William Bourn, another witness called by the State, also testified that, on the morning of April 19, 2000, and in the parking lot of North Monroe Hospital, he heard screaming sounds coming from a silver car. He then saw a man holding a woman down by her face. Mr. Bourn further testified that he called 911 and gave the 911 operator the license plate number of the silver car. At trial, Mr. Bourn could not identify Defendant as the man in the car, but the license plate number that he gave to the 911 operator matched the- license plate number of SW’s car.
The jury found Defendant guilty as charged. Defendant filed a motion for new trial and post-verdict judgment of acquittal, which was denied by the trial court. The State then filed an habitual offender bill, alleging that Defendant was a second-felony offender based on a previous conviction of simple burglary and Defendant was ultimately sentenced to |415 years at hard labor without the benefit of parole, probation or suspension of sentence.
The State filed an appeal alleging that, pursuant to La. R.S. 15:529.1, the sentence was illegally lenient. Defendant also appeals and raises, in his attorney’s brief and in his pro se brief, the following assignments of error:
(1) The evidence adduced at trial did not support a conviction of second degree kidnapping;
(2) The trial court erred in denying Defendant’s motion raising his present mental incapacity to proceed;
(3) Trial counsel was ineffective in failing to request a jury instruction that the prior inconsistent -statement of SW could be considered only for impeachment purposes, and not as evidence of guilt; and
(4) The trial court erred in failing to advise Defendant of the delays within which to apply for post-conviction relief.

DISCUSSION

The State’s sole assignment of error on appeal is that Defendant’s sentence of 15 years at hard labor is illegally lenient. Although the State appealed the sentence of Defendant, it did not timely brief that assignment of error. URCA Rule 2-12.4 states that assignments of error not briefed are deemed abandoned. We find, therefore, that this assignment of error has been abandoned. We note, however, that La. R.S. 14:44.1 provides for a maximum sentence for second degree kidnapping of 40 years imprisonment at hard labor; the first two of which must be served without the benefit of parole, probation or suspension of sentence. La. R.S. 15:529.1 states that second-felony offender shall not be sentenced to “less than one-half the longest term prescribed for a first conviction,” which, in the case sub judice, Iswould be 20 years. A trial court may, however, under State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, declare as excessive the statutory minimum sentences in exceptional cases. The trial court found *575 this case to be exceptional and noted that the minimum sentence of 20 years imprisonment was unconstitutionally excessive as to this particular defendant. We find no error in the trial court’s decision.
Defendant, in his first assignment of error, argues that the evidence adduced at trial was insufficient to support a conviction of second degree kidnapping. La. R.S. 14:44.1, in pertinent part, states the following:
A.Second degree kidnapping is the doing of any acts listed in Subsection B wherein the victim is:
[[Image here]]
(3)Physically injured....
B.For purposes of this section, kidnapping is:
(1) the forcible seizing and carrying of any person from one place to another....
The question of sufficiency of the evidence is properly raised by a motion for post-verdict judgment of acquittal. La. C.Cr.P. art. 821; State v. Gay, 29,434 (La.App.2d Cir.6/18/97), 697 So.2d 642. The record shows that Defendant properly raised the issue of sufficiency of the evidence in the trial court in a motion for post-verdict judgment of acquittal, which, as previously stated, was denied.
When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is. applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, §§ 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s ^decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
A review of the record in the case sub judice reveals that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convict Defendant of second degree kidnapping. SW testified at trial that Defendant forced his way into her car at North Monroe Hospital, struggled with her and caused bruises. She further stated that he forced her to go *576 with him. Mr. Bourn and Ms. Weatherly-testified that they saw a car, which was SW’s, leaving the parking lot of North Monroe Hospital with a man holding a woman down by her face or neck while she was screaming. We find, therefore, that SW’s testimony, combined with that of Mr. Bourn and Ms. Weatherly, was sufficient to prove that Defendant forcibly seized and carried SW from the North Monroe Hospital parking lot to at least the first traffic light.
Next, we conclude that SW’s testimony that she sustained bruising as a result of a struggle with Defendant, combined with the photographs that depicted the bruises, is sufficient to satisfy the “physically injured” element of second degree kidnapping. We find, therefore, that there was sufficient evidence to prove that Defendant was guilty of second degree kidnapping.
In his second assignment of error, Defendant argues that the trial court erred in denying the motion raising his present mental incapacity to proceed. “Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense.” La.C.Cr.P. art. 641J^_ On February 26, 2001, Defendant filed a motion raising his present mental incapacity to proceed; however, he admitted on the day of trial that he clearly understood the nature of the proceedings against him, but that he suffered a mental defect and his outbursts of .anger rendered it impossible for him to assist his counsel in his own defense.
“When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution ... until the defendant is found to have the present mental capacity to proceed.” La.C.Cr.P. art. 642. After Defendant raised this issue, the trial court conducted a competency hearing before taking any further steps in the criminal prosecution. Since Defendant admitted that he understood the nature of the proceedings against him, he only had to show that he was unable to assist his counsel in his own defense. At the hearing, Dr. Saxon Elliott testified, in response to defense counsel’s question concerning Defendant’s ability to discern right from wrong, that Defendant knew the | ^difference between right and wrong. This portion of Dr. Elliott’s testimony was insufficient to support Defendant’s argument that he did not have the present mental capacity to proceed. Defense counsel never asked Dr. Elliott any questions specifically relating to Defendant’s present mental incapacity to assist in his own defense; he only asked questions pertaining to Defendant’s ability to discern right from wrong. A defendant’s ability to discern right from wrong, however, is not relevant to the issue of his mental capacity to proceed. In State v. Hamilton, 373 So.2d 179 (La.1979), the Louisiana Supreme Court held that the defendant’s capacity to know the difference between right and wrong would have been relevant in determining his criminal liability, but was totally irrelevant to the issue of his competency to stand trial. The trial court in the case sub judice denied Defendant’s motion and stated that “the court doesn’t find that staying this proceeding to allow this process of a sanity commission to go forth is appropriate under the circumstances.” We find that Defendant failed to produce sufficient evidence showing that he could not assist his counsel in his own defense and that the trial court did not err in its conclusion.
Next, we find this case to be similar to State v. Bridgewater, 00-1529 (La.1/15/02), 823 So.2d 877. In Bridgewater, supra, the defendant alleged that he lacked the pres *577 ent mental capacity to proceed, but offered no medical evidence in support of his allegation. The supreme court held that, because no medical evidence was offered to corroborate the defendant’s mental incapacity to proceed, the trial court did not abuse its discretion in denying the motion. As previously stated, Defendant, in the case sub judice, offered no medical evidence in support of his alleged mental incapacity to assist his counsel in his own defense; and, therefore, we find that the trial court was not in error in denying Defendant’s motion.
In his third assignment of error, Defendant argues that his trial counsel was ineffective in failing to request a jury instruction that the prior inconsistent statement of SW could be considered only for impeachment purposes and not as evidence of guilt. “A ... ruling shall not be reversed by an appellate court because of any error ... which does not affect substantial |inrights of the accused.” La. C.Cr.P. art. 921. As stated previously, SW’s testimony at trial, even without her prior inconsistent statements, was sufficient to prove that Defendant satisfied the elements of second degree kidnapping; therefore, even if the limiting instruction should have been given to the jury, the failure to give such instruction did not affect substantial rights of Defendant and was harmless error. See State v. Prudholm, 446 So.2d 729 (La.1984).
In his final assignment of error, Defendant argues that the trial court erred in failing to advise him of the delays within which to apply for post-conviction relief. The trial court did not properly advise Defendant of the time period within which to apply for post-conviction relief. The Louisiana Supreme Court has held that La.C.Cr.P. art. 930.8(C), which requires the trial court to inform the defendant of the limitation period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. The trial court should have advised Defendant in this case, and we now advise him by this opinion, that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Reginald Fontana, are affirmed.
AFFIRMED.