WEIMER, J., additionally concurring.
While I agree with the majority's conclusion that, pursuant to McCoy v. Louisiana , --- U.S. ----, 138 S.Ct. 1500, 200 L.Ed.2d 821 (2018), defendant's conviction and sentence must be reversed for violation of defendant's Sixth Amendment right to counsel, I write separately to address an issue that is pretermitted by the majority, but that nonetheless is highly relevant to defendant's trial on remand. That issue is the sufficiency of the evidence presented to prove every element of the crime of first degree murder beyond a reasonable doubt.
It is a necessary and fundamental first step in any analysis of a conviction in which sufficiency is assigned as error, to address the sufficiency argument directly and as an initial matter, because the lack of sufficient evidence to sustain the conviction would entitle the defendant to an acquittal under Hudson v. Louisiana , 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). Indeed, for precisely that reason, it has been the long-standing practice of this court to address the sufficiency argument, even when the defendant's conviction and sentence must be reversed on other grounds. See, State v. Crawford , 14-2153, p. 19 (La. 11/16/16), 218 So.3d 13 ; State v. Mickelson , 12-2539, p. 5 (La. 9/3/14), 149 So.3d 178, 182 ; State v. Maxie , 93-2158 (La. 4/10/95), 653 So.2d 526, 531. The sufficiency argument is especially relevant in this case because defendant's argument that the State failed to prove that the killing occurred when the defendant was engaged in the perpetration or attempted perpetration of aggravated kidnapping or second degree kidnapping, if meritorious, would mean that, on remand, the crime could not be prosecuted as a first degree murder. Therefore, consistent with well-settled law and procedure, I offer the following analysis of defendant's arguments on appeal regarding the sufficiency of the State's evidence to convict him of the crime of first degree murder.
Sufficiency of the Evidence (Assignments of Error #8-11)
In order to affirm a conviction, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational finder of fact to conclude that every element of the crime was proved beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; Maxie , 653 So.2d at 532. Importantly, the Jackson standard does not permit this court to substitute its own appreciation of the facts for that of the factfinder. State v. Robertson , 96-1048 (La. 10/4/96), 680 So.2d 1165, 1166. It is not the province of the reviewing court to assess the credibility of witnesses or reweigh evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442, 443. As explained by this court in State v. Mussall , 523 So.2d 1305, 1310 (La. 1988) :
If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all of the evidence most favorable to the prosecution must be adopted. Thus, irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. [Footnote omitted.]
To obtain a conviction for first-degree murder under the State's theory of this case, the State had to prove beyond a reasonable doubt that defendant had a specific intent to kill or inflict great bodily harm on the victim while engaged in the perpetration or attempted perpetration of aggravated kidnapping or second degree kidnapping. See La. R.S. 14:30(A)(1). Defendant argues the State failed to present sufficient evidence at trial that he had either specific intent to kill or was engaged in an aggravated kidnapping or second degree kidnapping at the time of the homicide.
Specific intent may be inferred when the circumstances indicate that the offender actively desired the prescribed criminal consequences of his act. La. R.S. 14:10(1). Because it is a state of mind, specific intent need not be proved as a fact, but may be inferred from the circumstances and the defendant's actions. Mickelson , 12-2539 at 6, 149 So.3d at 182-183 ; State v. Broaden , 99-2124, p.18 (La. 2/21/01), 780 So.2d 349, 362.
In this case, the State presented a forensic analysis of the cause of the victim's death, which was asphyxiation due to smothering. The coroner, Dr. James Traylor, testified for the State that the perpetrator had to obstruct the victim's mouth and apply pressure for 90 seconds in order to kill him. Dr. Traylor opined that death from smothering does not often happen accidentally and, ordinarily, does not happen to a healthy 12-year-old boy. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have determined that the defendant had the specific intent to kill or inflict great bodily harm on the victim.
Aggravated Kidnapping
Louisiana R.S. 14:44 provides:
Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of
apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
Defendant argues that the State lacked sufficient evidence to convict him of aggravated kidnapping, noting that the offense requires the perpetrator to kidnap the victim with the intent to "force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control." Defendant argues there is a complete absence of evidence that he had any intent, or engaged in any communications or actions, to attain anything of value in return for the release of the victim. Defendant points to the State's argument that "no matter what happened to [the victim], whether a sexual act occurred or not, he was not going to live," which defendant contends undermines any possibility defendant intended to secure something for his victim's release. Defendant also points to the State's closing argument wherein it instructed the jury to ignore aggravated kidnapping as an aggravating circumstance in favor of second degree kidnapping.[1]
A review of the record reveals that the State did indeed fail to prove beyond a reasonable doubt that defendant committed aggravated kidnapping. In fact, in brief to this court, the State conceded "that there would not be sufficient evidence in the record to support a first degree murder charge with aggravated kidnapping." Thus, by the State's admission, this statutory aggravating circumstance was not proved. Nevertheless, "this Court has held on many occasions that the failure of one or more statutory aggravating circumstances does not invalidate others, properly found, unless introduction of evidence in support of the invalid circumstance interjects an arbitrary factor into the proceedings." State v. Manning , 03-1982 (La. 10/19/04), 885 So.2d 1044, 1102. There is no evidence to support a conclusion that the evidence offered in support of the aggravated kidnapping charge, which the State argued the jury need not even consider, injected an arbitrary factor into the proceedings. Therefore, it is necessary to examine whether another aggravating circumstance, specifically second degree kidnapping, was proved.
Second Degree Kidnapping
Louisiana R.S. 14:44.1 provides in relevant part:
A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
....
(3) Physically injured or sexually abused;
....
B. For purposes of this Section, kidnapping is:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
....
Relevant to the facts of this case, to establish the offense of second degree kidnapping, the State had to prove defendant enticed or persuaded the victim to go from one place to another and that the victim was physically injured or sexually abused.
The record clearly supports, and defendant does not contest, a finding that defendant "enticed or persuaded" the victim "to go from one place to another." Text messages between defendant and the victim establish defendant disguised his identity and lured the victim from his friend's house and into defendant's taxi by pretending to be a young girl who wanted a sexual encounter. Thus, the only issue to be resolved is whether the State proved the victim was sexually abused or physically injured.
Defendant argues that no rational trier of fact could have found beyond a reasonable doubt that he sexually abused the victim. Although there was some suggestion of sexual abuse by the State at trial, the State essentially abandoned the sexual abuse theory in closing arguments.[2] Additionally, the State does not argue in brief to this court that the victim was sexually abused. Rather, the State asserts the evidence was sufficient to prove the victim was "injured" during the kidnapping and, thus, the evidence was sufficient to establish second degree kidnapping.
The defendant argues that the State presented insufficient evidence that the victim suffered injuries apart from those that resulted from the murder. However, a review of the record, viewed in the light most favorable to the prosecution, reveals that the State met its burden of demonstrating that defendant physically injured the victim in the course of kidnapping him prior to his death. The coroner, Dr. Traylor, testified that the victim died from being smothered and opined that the perpetrator smothered the victim while on his back. Dr. Traylor identified several areas of "petechiae" or ruptured blood vessels in the victim's eyes and on his face and forehead, which would have required the perpetrator to apply pressure to some part of the body to prevent the drainage of blood to the heart. Dr. Traylor identified an abraded contusion on the inside of the victim's mouth consistent with the perpetrator compressing his lips and mouth against his braces. Dr. Traylor also described numerous abrasions on the victim's body and testified they were anti-mortem wounds. Defendant argued these abrasions were consistent with the victim's body being dragged from the road and over a barbed wire fence to the area where the body was found. However, Dr. Traylor testified the wounds were not consistent in size with barbed wire and were not consistent with the perpetrator dragging the victim's body in one direction post-mortem.
In summary, the State presented photos and testimony from Dr. Traylor that (1) the victim exhibited injuries on his neck, face, hands, back shoulder, and torso; (2) the injuries occurred before death; and (3) the injuries were not solely attributable to smothering. When viewed in the light most favorable to the State, the evidence is sufficient for a rational trier to find beyond a reasonable doubt that some of the injuries on the victim's body resulted apart from the killing itself or its immediate aftermath.
Evaluating the evidence in the light most favorable to the prosecution, giving deference to the jury's obvious assessment of credibility and weighing of the evidence, and without substituting my own appreciation of the facts for that of the jury, it is apparent that the evidence was sufficient for the jury to find defendant committed second degree kidnapping. Given that the evidence was sufficient for the jury to find proof of guilt beyond a reasonable doubt under Jackson , defendant's assignments of error asserting insufficiency of evidence are without merit.
GUIDRY, J., additionally concurs for the reasons assigned by Justice Weimer.

The prosecutor argued: "Ladies and gentlemen, let me make this even easier for you when you do your punch list. Go to second degree kidnapping, remember, it's an either/or .... Save yourself some time, go to second degree kidnapping."

The prosecutor argued: "All this back and forth in the trial about DNA ... whether he was sexually abused or not, that's great and all, but you can stop right there. Physically injured, no doubt, without a doubt that he is physically injured as a result of Brian Horn enticing him or persuading or any person to go from one place to another."