318 So.2d 407 (1975)
STATE of Florida, Appellant,
v.
Claude Robert BOWLE, Appellee.
No. 74-1711.
District Court of Appeal of Florida, Fourth District.
August 29, 1975.
Rehearing Denied September 29, 1975.
David H. Bludworth, State's Atty., and Louis Silber, Asst. State's Atty., West Palm Beach, for appellant.
Edward W. Starr, of Starr & Brown, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal by the State from an order granting defendant a new trial.
Defendant was charged by information with two counts of grand larceny and found guilty by a jury. Defendant's motion for new trial was granted. The record reflects that the order was predicated primarily upon the trial court's own view of the evidence, in particular, lack of proof of intent; and the trial court's feelings about the nature of the criminal charges and the sufficiency of the evidence in support thereof.
*408 While an appellate court is reluctant to disturb an order granting a new trial, where the record clearly reflects an abuse of discretion the appellate court is left with no alternative. State v. Coles, Fla. 1956, 91 So.2d 200. The record contains sufficient evidence to support a jury verdict; in particular, the determination of the sufficiency of the evidence was a jury question and the question of intent was for the jury. Casso v. State, Fla.App. 1966, 182 So.2d 252, 256; cf. Willard v. Bowen, Fla.App. 1974, 294 So.2d 696; Altman Cooling Corp. v. Florida Heat & Power, Inc., Fla.App. 1974, 305 So.2d 225. A trial judge is not permitted to sit as a seventh juror with veto power pitting his judgment against that of the jury. Laskey v. Smith, Fla. 1970, 239 So.2d 13.
The order granting defendant's motion for new trial constitutes an abuse of discretion and is reversed with directions to reinstate the jury verdict.
Reversed.
OWEN and MAGER, JJ., concur.
WALDEN, C.J., dissents, without opinion.