# HUDSON v. LOUISIANA

No. 79-5688.   Argued December 1, 1980—Decided February 24, 1981

POWELL, J., delivered the opinion for a unanimous Court.

*Richard O: Burst, Sr.,* argued the cause and filed a brief for petitioner.

*James M. Bullers,* argued the cause and filed a brief for respondent.*

JUSTICE POWELL delivered the opinion of the Court.

The question in this case is whether Louisiana violated the Double Jeopardy Clause, as we expounded it in *Burks* v. *United States,* 437 U. S. 1 (1978), by prosecuting petitioner a second time after the trial judge at the first trial granted peti-

---

*\*Quin Denvir* and *Laurance S. Smith* filed a brief for the State Public Defender of California as *amicus curiae.*

tioner's motion for new trial on the ground that the evidence was insufficient to support the jury's verdict of guilty.

# I

Petitioner Tracy Lee Hudson was tried in Louisiana state court for first-degree murder, and the jury found him guilty. Petitioner then moved for a new trial, which under Louisiana law was petitioner's only means of challenging the sufficiency of the evidence against him.[1] The trial judge granted the motion, stating: "I heard the same evidence the jury did[;] I'm convinced that there was no evidence, certainly not evidence beyond a reasonable doubt, to sustain the verdict of the homicide committed by this defendant of this particular victim." The Louisiana Supreme Court denied the State's ap-

---

[1] Louisiana's Code of Criminal Procedure does not authorize trial judges to enter judgments of acquittal in jury trials. La. Code Crim. Proc. Ann., Art. 778 (West Supp. 1980); *State* v. *Henderson,* 362 So. 2d 1358, 1367 (La. 1978). Accordingly, a criminal defendant's only means of challenging the sufficiency of evidence presented against him to a jury is a motion for new trial under La. Code Crim. Proc. Ann., Art. 851 (West 1967 and Supp. 1980), which provides in pertinent part:

"The Court, on motion of the defendant, shall grant a new trial whenever:

"(1) The verdict is contrary to the law and the evidence;

"(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;

"(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;

"(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or

"(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."

We think it clear that the trial judge in this case acted under paragraph (1) in granting a new trial. See *infra,* at 43.

plication for a writ of certiorari. *State* v. *Hudson,* 344 So. 2d 1 (1977).

At petitioner's second trial, the State presented an eyewitness whose testimony it had not presented at the first trial. The second jury also found petitioner guilty. The Louisiana Supreme Court affirmed the conviction. *State* v. *Hudson,* 361 So. 2d 858 (1978).

Petitioner then sought a writ of habeas corpus in a Louisiana state court, contending that the Double Jeopardy Clause barred the State from trying him the second time. Petitioner relied on our decision in *Burks*[2] that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient" to support the guilty verdict. 437 U. S., at 18.[3] The trial court denied a writ, and the Louisiana Supreme Court affirmed. 373 So. 2d 1294 (1979). The Supreme Court read *Burks* to bar a second trial only if the court reviewing the evidence—whether an appellate court or a trial court—determines that there was *no* evidence to support the verdict. Because it believed that the trial judge at petitioner's first trial had granted petitioner's motion for new trial on the ground that there was *insufficient* evidence to support the verdict, although some evidence, the Louisiana Supreme Court concluded that petitioner's second trial was not precluded by the Double Jeopardy Clause.

We granted a writ of certiorari, 445 U. S. 960 (1980), and we now reverse.

## II

We considered in *Burks* the question "whether an accused may be subjected to a second trial when conviction in a prior trial was reversed by an appellate court solely for lack of suffi-

---

[2] We decided *Burks* before the Louisiana Supreme Court entered its judgment affirming petitioner's conviction.

[3] *Burks* involved a federal prosecution, but the Court held in *Greene* v. *Massey,* 437 U. S. 19, 24 (1978), that the double jeopardy principle in *Burks* fully applies to the States. See *Benton* v. *Maryland,* 395 U. S. 784 (1969); *Crist* v. *Bretz,* 437 U. S. 28 (1978).

cient evidence to sustain the jury's verdict." 437 U. S., at 2. We held that a reversal "due to a failure of proof at trial," where the State received a "fair opportunity to offer whatever proof it could assemble," bars retrial on the same charge. *Id.,* at 16. We also held that it makes "no difference that the *reviewing* court, rather than the trial court, determined the evidence to be insufficient," *id.,* at 11 (emphasis in original), or that "a defendant has sought a new trial as one of his remedies, or even as the sole remedy." *Id.,* at 17.

Our decision in *Burks* controls this case, for it is clear that petitioner moved for a new trial on the ground that the evidence was legally insufficient to support the verdict and that the trial judge granted petitioner's motion on that ground. In the hearing on the motion, petitioner's counsel argued to the trial judge that "the verdict of the jury is contrary to the law and the evidence." After reviewing the evidence put to the jurors, the trial judge agreed with petitioner "that there was no evidence, certainly not evidence beyond a reasonable doubt, to sustain the verdict"; and he commented: "[H]ow they concluded that this defendant committed the act from that evidence when no weapon was produced, no proof of anyone who saw a blow struck, is beyond the Court's comprehension." The Louisiana Supreme Court recognized that the trial judge granted the new trial on the ground that the evidence was legally insufficient. The Supreme Court described the trial judge's decision in these words: "[T]he trial judge herein ordered a new trial pursuant to LSA–C. Cr. P. art. 851 (1) solely for lack of *sufficient evidence* to sustain the jury's verdict . . . ." 373 So. 2d, at 1298 (emphasis in original). This is precisely the circumstance in which *Burks* precludes retrials. 437 U. S., at 18. See *Greene* v. *Massey,* 437 U. S. 19, 24–26 (1978); *id.,* at 27 (POWELL, J., concurring). Nothing in *Burks* suggests, as the Louisiana Supreme Court seemed to believe, that double jeopardy protections are violated only when the prosecution has adduced no evidence at all of the crime or an element thereof.

44

The State contends that *Burks* does not control this case. As the State reads the record, the trial judge granted a new trial only because he entertained personal doubts about the verdict. According to the State, the trial judge decided that he, as a "13th juror," would not have found petitioner guilty and he therefore granted a new trial even though the evidence was not insufficient as a matter of law to support the verdict.[4] The State therefore reasons that *Burks* does not preclude a new trial in such a case, for the new trial was not granted "due to a failure of proof at trial." 437 U. S., at 16.

This is not such a case, as the opinion of the Louisiana Supreme Court and the statements of the trial judge make clear. The trial judge granted the new trial because the State had failed to prove its case as a matter of law, not merely because he, as a "13th juror," would have decided it differently from the other 12 jurors.[5] Accordingly, there are no signifi-

---

[4] The State's contention here adopts the reasoning of Justice Tate's concurring opinion in the Louisiana Supreme Court. Justice Tate wrote: "[The trial judge] did *not* grant a new trial for a reason that he did not think the state had produced *sufficient* evidence to prove guilt, but rather because he himself (to satisfy *his* doubts—not the jury's, which had concluded otherwise) had personal doubts that the evidence was sufficient to prove guilt beyond a reasonable doubt. Commendably and conscientiously, he therefore ordered a new trial . . . .

"The present is not an instance where the state did not prove its case at the first trial, so that granting a new trial gave the state a *second* chance to produce enough evidence to convict the accused. If so, as the majority notes, re-trial offends constitutional double jeopardy." 373 So. 2d, at 1298 (emphasis in original).

[5] Whether a state trial judge in a jury trial may assess evidence as a "13th juror" is a question of state law. Compare *People* v. *Noga,* 196 Colo. 478, 480, 586 P. 2d 1002, 1003 (1978); *State* v. *Bowle,* 318 So. 2d 407, 408 (Fla. App. 1975), with *Veitch* v. *Superior Court,* 89 Cal. App. 3d 722, 730–731, 152 Cal. Rptr. 822, 827 (1979); *People* v. *Ramos,* 33 App. Div. 2d 344, 347, 308 N. Y. S. 2d 195, 197–198 (1970). Justice Tate's concurring opinion for the Louisiana Supreme Court suggests that Louisiana law allows trial judges to act as "13th jurors." We do not decide whether the Double Jeopardy Clause would have barred Louisiana from retrying

cant facts which distinguish this case from *Burks*,[6] and the Double Jeopardy Clause barred the State from prosecuting petitioner a second time.

## III

The judgment of the Louisiana Supreme Court is reversed.

*It is so ordered.*

---

petitioner if the trial judge had granted a new trial in that capacity, for that is not the case before us. We note, however, that *Burks* precludes retrial where the State has failed as a matter of law to prove its case despite a fair opportunity to do so. *Supra*, at 43. By definition, a new trial ordered by a trial judge acting as a "13th juror" is not such a case. Thus, nothing in *Burks* precludes retrial in such a case.

[6] The Louisiana Supreme Court did not find it significant that the trial judge, rather than an appellate court, held the State's evidence to be insufficient to sustain the jury's verdict: "While the case at bar involves the granting of a motion for new trial by the trial court for insufficient evidence rather than review at the appellate level, we deem the same principles are applicable to both." 373 So. 2d, at 1297. The State does not contest this conclusion.