WARD, Judge,
dissenting.
I believe the trial court was correct in granting Bosworth’s Motion For Dismissal. Even though State v. Hearold, 603 So.2d 731 (La.1992) was handed down after this Court’s reversal of Bosworth’s conviction, I believe this Court erred by not applying the standard which was previously set forth in Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).
In Hudson, the Supreme Court ruled that when the entirety of the evidence, including inadmissible evidence which was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to the crime would be pure dicta since those issues are moot.
In reviewing the record containing the testimony of Richard Garcia, the expert in retaliatory killing by Mexican drug dealers, and the other evidence, which consisted of a pair of Bosworth’s glasses left at the scene, some fibers found in Griffin’s hand, and an examination of blood spatters, I am convinced that this is not enough to uphold Bosworth’s conviction. I agree with the trial court’s conclusion that double jeopardy barred retrial because this Court failed to review the sufficiency of evidence claim on appeal.