957 P.2d 214 (1998)
135 Wash.2d 355
STATE of Washington, Respondent,
v.
Sean SCHAFFER, Petitioner.
No. 66012-3.
Supreme Court of Washington, Department I.
Considered March 31, 1998.
Decided June 11, 1998.
Lenell Rae Nussbaum, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Lee Yates, Deputy King County Prosecutor, Seattle, for Respondent.
PER CURIAM.
Sean Schaffer was convicted of second degree murder and two counts of second degree assault. On appeal, he argued, among other things, that the trial court should have instructed the jury on manslaughter as a lesser included offense to the murder charge. The Court of Appeals rejected that contention based on State v. Lucky, 128 Wash.2d 727, 912 P.2d 483 (1996). This court subsequently overruled Lucky and held that manslaughter is a lesser included offense to intentional *215 murder. State v. Berlin, 133 Wash.2d 541, 947 P.2d 700 (1997) and State v. Warden, 133 Wash.2d 559, 947 P.2d 708 (1997). Schaffer contends that these cases require reversal of his murder conviction. The State on the other hand contends that reversal is unwarranted because there is insufficient evidence to support a manslaughter instruction in any event.

FACTS
The charges arise from an incident that occurred one night outside Celebrity's Club in Seattle. While dancing that evening, Schaffer had words with another patron, John Magee. When they left the club, Schaffer approached Magee, who shook his fist, swore at Schaffer, and threatened to kill him. When Magee moved his arm toward his back, Schaffer thought he was reaching for a gun. Schaffer drew his own gun and fired several shots. Two bullets struck Magee in the back and three in the legs. One bullet struck Magee's girlfriend in her little finger, and another struck a passerby in the foot. Magee died at the scene. He was not armed. Schaffer fled, but turned himself in to the police two days later. He told police he thought Magee was armed, and he acted in self-defense.
The King County prosecutor charged Schaffer with premeditated murder and second degree felony murder for killing Magee and two counts of second degree assault for injuring the other two victims. The trial court instructed the jury on self-defense, but declined to give Schaffer's proposed instructions on manslaughter. The jury found Schaffer guilty on both counts of assault and also on the felony murder charge.

ISSUE
Whether the trial court should have instructed the jury on manslaughter as a lesser included offense or inferior degree of crime to premeditated, intentional murder.

ANALYSIS
The State now concedes manslaughter is a lesser included offense to the premeditated murder charge, and Schaffer was therefore entitled to an instruction on the lesser crime if there is sufficient evidence to support such an instruction. Schaffer sought the instruction based on the theory we approved in State v. Hughes, 106 Wash.2d 176, 721 P.2d 902 (1986) and State v. Jones, 95 Wash.2d 616, 628 P.2d 472 (1981). Under that theory, a defendant who reasonably believes he is in imminent danger and needs to act in self-defense, "but recklessly or negligently used more force than was necessary to repel the attack," is entitled to an instruction on manslaughter. State v. Jones, 95 Wash.2d at 623, 628 P.2d 472; see State v. Hughes, 106 Wash.2d at 190, 721 P.2d 902. In its brief on appeal, the State said "the evidence presented by the defense [showed] that for Schaffer, given his upbringing and his background, deadly force would be a reasonable act for someone in his position." Br. of Resp't at 53. The State thereby conceded there was sufficient evidence to permit the jury to find Schaffer acted in the reasonable belief he was in imminent danger. The additional evidencethat Schaffer shot the victim five times including twice in the backwas sufficient to support a finding that he recklessly or negligently used excessive force to repel the danger he perceived. The jury should therefore have been instructed on manslaughter as a lesser included offense to the first degree murder alternative.
The jury's verdict precludes Schaffer from being retried on the first degree murder charge. Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Though he can be retried on the felony murder alternative for which the jury convicted him, manslaughter is not a lesser or inferior degree of crime to felony murder. State v. Tamalini, 134 Wash.2d 725, 953 P.2d 450 (1998). Nevertheless, Schaffer was tried for a crime to which manslaughter is an included offense, and he was entitled to have the jury consider that alternative. Thus, if the State elects to retry him on the felony murder charge, and he again presents evidence supporting an instruction on manslaughter, the jury should be instructed on that offense as well. Since manslaughter will be a lesser included offense *216 to the original charge, but not to felony murder, the instructions should refer to it simply as a lesser offense.

CONCLUSION
The trial court erred in failing to instruct the jury on manslaughter as a lesser included offense to premeditated murder. Schaffer's murder conviction is therefore reversed, and the case is remanded to superior court for further proceedings consistent with this opinion.