STATE OF LOUISIANA

VERSUS

IVORY D. FRANKLIN, II

NO. 19-KA-119

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-5061, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

September 09, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**VACATED; REMANDED FOR NEW TRIAL**
    **MEJ**
    **RAC**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Anne M. Wallis
    Andrew Decoste
    Lynn Schiffman

COUNSEL FOR DEFENDANT/APPELLANT,
IVORY D. FRANKLIN, II AKA DEUCE
    Cynthia K. Meyer

**JOHNSON, J.**

Defendant, Ivory D. Franklin, II, appeals his conviction and sentence in Twenty-Fourth Judicial District Court Case Number 15-4323. Defendant was charged with one count of second degree murder and one count of attempted second degree murder. Defendant's first trial on the matter resulted in a mistrial on October 26, 2017 because of a hung jury. On October 8, 2018, eleven out of twelve jurors found that Defendant was guilty as charged of second degree murder, and ten out of twelve jurors found Defendant guilty of attempted second degree murder. Defendant assigns as error the non-unanimous jury verdict, which violated his due process and equal protection rights under the Sixth and Fourteenth Amendments. We vacate the convictions and remand the matter for the following reasons.

For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. *See generally*, *Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013 WL 486691 (E.D. La. 2013). In this case, Defendant faced a life sentence, if convicted of second degree murder, and a sentence of not less than ten nor more than fifty years, both at hard labor, without benefit of parole, probation, or suspension of sentence for the attempted second degree murder conviction. *See* La. R.S. 14:30.1(B), La. R.S. 14:27(D)(1)(a).

In *Ramos v. Louisiana*, --- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense. It held, "Wherever

we might look to determine what the term 'trial by an impartial jury trial' meant at the time of the Sixth Amendment's adoption—whether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward—the answer is unmistakable. A jury must reach a unanimous verdict in order to convict." *Id*. at 1395. The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally…So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Id*. at 1397. Now, *Ramos* requires new trials for Louisiana defendants convicted of serious offenses by non-unanimous juries whose cases are still pending on direct appeal. Accordingly, we find that, because the verdicts were not unanimous for the serious offenses before us, Defendant's convictions and sentences must be vacated.[1]

## DECREE

Because of the United States Supreme Court's holding in *Ramos*, on direct appeal, we vacate Defendant's convictions and sentences and remand the matter for a new trial.

**<u>VACATED; REMANDED FOR NEW TRIAL</u>**

---

[1] The sufficiency of the evidence was considered as required by *State v. Raymo*, 419 So.2d 858 (La.1982) and *State v. Hearold*, 603 So.2d 731 (La.1992). We find that the State offered evidence at trial to establish (or offered evidence that a jury could find sufficient to establish) all of the elements of the crimes of which Defendant was accused. Therefore, Defendant is not entitled to an acquittal under *Hudson v. Louisiana*, 450 U.D. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-KA-119

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)         THOMAS J. BUTLER (APPELLEE)         CYNTHIA K. MEYER (APPELLANT)
GRANT L. WILLIS (APPELLEE)        J. TAYLOR GRAY (APPELLEE)

## MAILED

HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
ANDREW DECOSTE (APPELLEE)
LYNN SCHIFFMAN (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053