STATE OF LOUISIANA

VERSUS

ARMANDE S. TART (AKA BABY, AKA BIG
BABY, AKA POP TART)

NO. 20-KA-86

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-1736, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


December 16, 2020


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg


**CONVICTIONS AND SENTENCES VACATED; REMANDED**

**SJW**
**MEJ**
**HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
ARMANDE S. TART (AKA BABY, AKA BIG BABY, AKA POP TART)
    Gwendolyn K. Brown

**WINDHORST, J.**

Defendant, Armande, S. Tart, appeals his convictions and sentences. For the reasons stated herein, we vacate and remand to the trial court for further proceedings.

**PROCEDURAL HISTORY**

On July 13, 2017, a Jefferson Parish Grand Jury returned an indictment charging defendant, Armande S. Tart (a/k/a "Baby" a/k/a "Big Baby" a/k/a "Pop Tart"), with the first degree murder of Harold Frisard in violation of La. R.S. 14:30 (count one); the first degree murder of Kyle Turner in violation of La. R.S. 14:30 (count two); the first degree murder of Rosemary Charles in violation of La. R.S. 14:30 (count three); and the first degree murder of John Henry in violation of La. R.S. 14:30 (count four).[1] Defendant was arraigned and pled not guilty.

On October 3, 2018, a competency hearing was held, after which the trial court found defendant competent to proceed to trial. On February 4, 2019, defendant filed a Motion to Withdraw Prior Plea of Not Guilty and Enter the Dual Plea of Not Guilty and Not Guilty by Reason of Insanity, which the trial court accepted. On July 1, 2019, after a hearing, the trial judge granted the State's La. C.E. art. 404 B motions. On July 29, 2019, defendant filed a Motion in Limine to Prevent Adoption of Non Unanimous Verdict, which was denied.

On August 1, 2019, a twelve-person jury found defendant guilty of the responsive verdict of second degree murder, in violation of La. R.S. 14:30.1 as to count one and guilty of first degree murder on counts two, three, and four. The jury returned a verdict of eleven to one on each of the four counts. Defendant filed a motion for new trial, which was denied.

---

[1] The State did not seek the death penalty in this case. This Court has jurisdiction of first degree murder cases where the death penalty was not imposed. La. C.Cr.P. art. 912.1 A(1) provides, "[t]he defendant may appeal to the supreme court from a judgment in a capital case in which a sentence of death actually has been imposed." La. C.Cr.P. art. 912.1 B(1) provides in pertinent part, "[t]he defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury, except as provided in Paragraph A … of this Paragraph."

Defendant was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence on each count and the sentences were ordered to run consecutively. This appeal followed.

**DISCUSSION**

In his sole assignment of error, defendant contends that the trial court erred in denying his Motion to Prevent Adoption of a Non Unanimous Verdict and the acceptance of a non-unanimous jury verdict.[2]

Defendant was charged with four counts of first degree murder. Since the punishment for these offenses is necessarily confinement at hard labor, a jury of twelve persons was required. See La. Const. Art. I, §17; La. C.Cr.P. art. 782; La. R.S. 14:30. Non-unanimous verdicts were previously allowed under La. Const. Art. I, §17 and La. C.Cr.P. art. 782, and the circumstances of this case. The constitutionality of the statutes was previously addressed by many courts, all of which rejected the argument. See Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); State v. Bertrand, 08-2215, 08-2311 (La. 03/17/09), 6 So.3d 738, 742-43; State v. Brooks, 12-226 (La. App. 5 Cir. 10/30/12), 103 So.3d 608, 613-14, writ denied, 12-2478 (La. 04/19/13), 111 So.3d 1030.

However, recently the United States Supreme Court in Ramos v. Louisiana, 590 U.S. —, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), found that the Sixth Amendment right to a jury trial, as incorporated against the States by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[3] Id. at 1397.

---

[2] On April 30, 2020, defendant filed a motion for leave of court to file a supplemental brief and he was given until June 4, 2020 to file. Defendant did not file a supplemental brief.

[3] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less, and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. See generally Lewis v. United States, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); Hill v. Louisiana, 2013 WL 486691 (E.D. La. 2013).

Based on <u>Ramos</u>, and that this case is on direct appeal,[4] we find that since the jury's verdicts were not unanimous for these serious offenses as required by <u>Ramos</u>, defendant's convictions and sentences are vacated and the matter is remanded to the trial court for further proceedings.

Lastly, our review of the record under <u>State v. Raymo</u>, 419 So.2d 858, 861 (La. 1982), reflects that defendant/appellant is not entitled to an acquittal under the standards of <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); <u>Hudson v. Louisiana</u>, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); and <u>State v. Hearold</u>, 603 So.2d 731, 734 (La. 1992).

**DECREE**

For the reasons stated above, the defendant's convictions and sentences are vacated and this matter is remanded to the trial court for further proceedings.

**<u>CONVICTIONS AND SENTENCES VACATED; REMANDED</u>**

---

[4] See <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004), observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review," citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 16, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-86

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          GWENDOLYN K. BROWN (APPELLANT)
GRANT L. WILLIS (APPELLEE)

### MAILED

HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053