NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 KA 0187

STATE OF LOUISIANA

VERSUS

KEITH A. TROSCLAIR

Decision Rendered: **DEC 2 1 2020**

* * * * * * *

APPEALED FROM THE
17th JUDICIAL DISTRICT COURT
LAFOURCHE PARISH, LOUISIANA
DOCKET NUMBER 573,126

HONORABLE STEVEN M. MILLER, JUDGE

* * * * * * *

Prentice L. White
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Keith A. Trosclair

Kristine Russell
District Attorney
Joseph S. Soignet
Jason Chatagnier
Allie Fournet
Assistant District Attorneys
Thibodaux, Louisiana

Attorneys for Appellee
State of Louisiana

BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.

Penzato, J., concurs

**McDONALD, J.**

The grand jury indicted the defendant, Keith A. Trosclair, with second degree murder, a violation of La. R.S. 14:30.1. After a hearing, the district court found him competent to proceed. The defendant initially pled not guilty and not guilty by reason of insanity. Thereafter, he changed his plea to not guilty. After a trial, the jury found him guilty as charged, by a ten to two vote. He moved for a post-verdict judgment of acquittal, for a new trial, and to declare Louisiana Constitution article I, §17A and Louisiana Code of Criminal Procedure article 782A unconstitutional. The district court denied the motions and later sentenced the defendant to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. He moved for reconsideration of sentence, and the district court denied the motion.

The defendant now appeals, raising four assignments of error: (1) the district court committed reversible error in denying his motion for post-verdict judgment of acquittal, because the evidence failed to establish specific intent to kill and the defendant acted in self-defense; (2) the district court abused its discretion: (a) in overruling defense counsel's objections to the State's persistent references to the defendant's post-arrest silence; (b) by excluding crucial evidence surrounding the hostility between the victim and the defendant that supported the defendant's claim of self-defense; (c) in refusing to allow defense counsel to play the 911 call before the jury; and (d) in overruling defense counsel's objections to the State's extended use of gruesome photographs of the scene of the shooting; (3) the district court failed to acknowledge that accepting a non-unanimous verdict violated the defendant's rights under the Sixth and Fourteenth Amendments of the United States Constitution; and (4) the district court committed reversible error in denying his motion to reconsider sentence and refusing to modify his sentence to one that was more appropriate for a defendant with severe mental deficiencies. For the following reasons, we vacate the conviction and sentence and remand to the district court.

## FACTS

Stuart Reulet and the defendant lived directly across from one another on Highway 20 in Thibodaux, Louisiana. Mr. Reulet had known the defendant for a long time and considered him a good friend. On December 5, 2017, at around noon, Mr. Reulet heard a loud noise like "[a] gunshot, a tire exploding, or a crash. He looked through the window and saw the defendant "coming out from his carport firing shots." Mr. Reulet heard one shot and saw the defendant shoot two shots. The defendant was firing at "an object lying on the ground." Mr. Reulet later learned the object was the victim, Christopher Saunders, who was the defendant's next-door neighbor.

The victim died from multiple gunshot wounds. He was shot on the front of the chest, with the bullet possibly passing through another object before striking his body. He also had a re-entrance gunshot wound on the right side of his chest, most commonly caused by the bullet passing through an arm before entering the torso. He was also shot on the back of his right forearm, with the bullet then entering his chest. Lastly, he had a gunshot wound to his right upper back with the bullet passing through his right lung and heart. This last wound had "very high potential to be fatal."

Tyronne Scott, a Louisiana Department of Transportation and Development employee working in the area of the shooting, testified at trial. At the time of the incident, Mr. Scott was driving down Highway 20, when he saw the defendant shoot the victim two times; the victim fell to the ground after the first shot. Mr. Scott did not see the victim with a gun or anything in his hands. Mr. Scott testified that the defendant and the victim appeared to be having a conversation before the shooting, but he did not see any argument or hand raising between the men. Mr. Scott described the defendant's demeanor after the shooting as "calm or he didn't look like he was in [a] rage or anything."

The defendant also testified at trial. He encountered the victim at about noon on the day of the incident. According to the defendant, he was outside when he saw the victim walking down the driveway, which they shared with the landowner living behind them, and the two men "made eye contact." The defendant told the victim, "I saw what [you] did to my cousin Kenneth." The defendant stated that the victim

responded, "[Y]ou motherf***er[,] I'm going to kill you." In response to the victim's threat, the defendant "grabbed" his gun from his truck, walked around the truck, and told the victim "don't ever threaten me again." According to the defendant, the victim then "went for his gun," which he usually carried, and was then openly carrying, in a holster on his right side. The defendant demonstrated in court how the victim allegedly placed his hand near his midsection and reached down to the right side of his body. The defendant testified that he then shot the victim three times, because he was scared for his life.

The defendant acknowledged that he usually kept the rifle he used to shoot the victim on "safe" when it was loaded and had to take the weapon off "safe" and aim it at the victim before shooting him the first time. And, to shoot the victim a second and third time, the defendant had to "work the mechanism of the bolt."

The defendant conceded the victim was standing on the shared driveway at the time of the shooting. He also conceded that he was closer to his own carport door than to the victim at the time of the incident. The defendant acknowledged that police officers found the victim's gun still in its holster after the incident. Although he claimed he shot the victim three times, the defendant did not dispute that police officers recovered four shell casings from his property.

## SUFFICIENCY OF THE EVIDENCE

In assignment of error number one, the defendant contends the evidence was insufficient to support the conviction because he acted in "direct response to the imminent threat that [the victim] posed when [the victim] reached for his firearm after threatening [the defendant] with bodily harm."

When issues are raised on appeal contesting the sufficiency of the evidence and alleging one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. *State v. Hearold,* 603 So.2d 731, 734 (La. 1992); *State v. Duhon,* 18-0593 (La. App. 1 Cir. 12/28/18), 270 So.3d 597, 609. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under *Hudson v. Louisiana,* 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d

4

560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proven beyond a reasonable doubt. *Hearold,* 603 So.2d at 734; *Duhon,* 270 So.3d at 609. When the entirety of the evidence is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion of trial error issues as to that crime would be pure dicta since those issues are moot. However, when the entirety of the evidence is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the other assignments of error to determine whether the accused is entitled to a new trial. If the reviewing court determines that there has been trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused will be granted a new trial, but is not entitled to an acquittal. *See Hearold,* 603 So.2d at 734; *Duhon,* 270 So.3d at 609.

A conviction based on insufficient evidence cannot stand as it violates due process. *See* U.S. Const. amend. XIV; La. Const. art. I, §2. The constitutional standard for testing the sufficiency of the evidence, as enunciated in *Jackson,* requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. *See* La. C.Cr.P. art. 821B; *State v. Ordodi,* 06-0207 (La. 11/29/06), 946 So.2d 654, 660. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, which states in part, "assuming every fact to be proved that the evidence tends to prove," every reasonable hypothesis of innocence is excluded. La. R.S. 15:438; *Duhon,* 270 So.3d at 610.

In finding the defendant guilty, the jury rejected the claim of self-defense and concluded that the use of deadly force under the particular facts of this case was neither reasonable nor necessary. A rational juror could have reasonably concluded that the killing was not necessary to save the defendant from the danger envisioned by La. R.S. 14:20(1) and/or that the defendant had abandoned the role of defender and taken on the role of an aggressor and, as such, was not entitled to claim self-defense. *See* La. R.S. 14:21; *State v. Tran,* 98-2812 (La. App. 1 Cir. 11/5/99), 743 So.2d 1275, 1291.

5

In reviewing the sufficiency of the evidence, we decline to discuss all of the evidence in detail. Because this case must be retried, as discussed in the next section, discussing the evidence in detail here would be tantamount to giving an impermissible advisory opinion. *See Louisiana State Bd. of Nursing v. Gautreaux,* 09-1758 (La. App. 1 Cir. 6/11/10), 39 So.3d 806, 811. Nevertheless, we cannot say that the jury's determination was irrational under the facts and circumstances presented to them. *See Ordodi,* 946 So.2d at 662. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. *State v. Calloway,* 07-2306 (La. 1/21/09), 1 So.3d 417, 418 *(per curiam).* To otherwise accept a hypothesis of innocence that was not unreasonably rejected by the fact finder, a court of appeal impinges on a fact finder's discretion beyond the extent necessary to guarantee the fundamental protection of due process of law. *See State v. Mire,* 14-2295 (La. 1/27/16), 269 So.3d 698, 703 *(per curiam).* This assignment of error is without merit.

## CONSTITUTIONALITY OF NON-UNANIMOUS VERDICT

In assignment of error number three, the defendant argues the district court committed reversible error in denying his motion to declare La. Const. art. I, §17A and La. C.Cr.P. art. 782A unconstitutional.

The district court conducted a written jury poll following the rendering of the verdict. *See* La. C.Cr.P. art. 812. Ten of twelve jurors voted to convict the defendant of second degree murder.

After the district court's adverse ruling on the motion challenging the constitutionality of La. Const. art. I, §17A and La. C.Cr.P. art. 782A, the United States Supreme Court overruled *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the United States Constitution Sixth Amendment, as incorporated by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. *Ramos v. Louisiana,* 590 U.S. __, ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020). The *Ramos* Court further noted that its ruling may require retrial of those defendants convicted of felonies by non-unanimous

6

verdicts whose cases are still pending on direct appeal. *Ramos*, 140 S.Ct. at 1406. Thus, where the defendant's conviction was not final when *Ramos* was decided, the holding of *Ramos* applies. *State v. Bueso*, 19-01675 (La. 6/22/20), 297 So.3d 719 *(per curiam)*.

Accordingly, we determine assignment of error number three has merit. We vacate the conviction and sentence and remand this case to the district court.

**CONVICTION AND SENTENCE VACATED; REMANDED.**