STATE OF LOUISIANA                     NO. 20-KA-95

VERSUS                                 FIFTH CIRCUIT

JUAN ALEXANDER                         COURT OF APPEAL

                                       STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 15,508, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING


November 03, 2021


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.


**CONVICTIONS AND SENTENCES VACATED; MATTER REMANDED**
    **RAC**
    **MEJ**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Bridget A. Dinvaut
Henri P. Dufresne

COUNSEL FOR DEFENDANT/APPELLANT,
JUAN ALEXANDER
C. Gary Wainwright

**CHAISSON, J.**

Defendant, Juan Alexander, appeals his convictions for attempted manslaughter, possession of a firearm by a convicted felon, and illegal use of weapons. For the reasons that follow, we vacate defendant's convictions and sentences and remand the matter to the trial court for further proceedings.

## PROCEDURAL BACKGROUND

Defendant was charged, by grand jury indictment, with second degree murder, in violation of La. R.S. 14:30.1 (count one), attempted second degree murder, in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count two), possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count three), and illegal use of weapons, in violation of La. R.S. 14:94(A) (count four). On June 14, 2018, following a jury trial, defendant was found not guilty on count one, guilty of attempted manslaughter on count two, and guilty as charged on counts three and four. Defendant was ultimately sentenced as a multiple offender to thirty-five years on count two (attempted manslaughter), twenty years on count three (possession of a firearm by a convicted felon), and three years on count four (illegal use of weapons), to run concurrently. Defendant thereafter filed a motion for appeal, which was granted.

On May 18, 2020, pursuant to a motion to supplement filed by defendant, this Court issued an order to the Clerk of Court for the 40th Judicial District Court to supplement the appellate record with the "[j]ury polling slips, to the extent they are able to be obtained; or, if they are not obtainable, a *per curiam* from the Court explaining why." On May 22, 2020, the district court issued a *per curiam*, which stated that no polling slips existed because the parties waived a polling of the jury. Subsequent thereto, defendant filed a motion to remand, requesting that the matter be remanded to the trial court with an order that the twelve jurors who served on the jury in this matter be summoned to court to be sworn and to answer questions

20-KA-95                                    1

regarding their votes on the verdicts in this case. On January 29, 2021, this Court remanded the matter to the trial court with an order "to conduct further proceedings, as deemed appropriate by the trial court, in order to ascertain whether the verdict on each count for which defendant was convicted was unanimous." This Court also ordered the trial court to provide a *per curiam* to this Court, with instructions to state the outcome with as much specificity as can be ascertained.

Pursuant to this Court's order, the trial court conducted a hearing on March 23, 2021, during which the twelve jurors were individually questioned about their verdicts. On March 30, 2021, the trial court issued a *per curiam*, setting forth the jury verdict on each of the four counts and concluding that "the four verdicts rendered in this matter were not unanimous."

Defendant thereafter filed a supplemental brief in this Court.[1] Therein, defendant argues that his convictions are based on unconstitutional, non-unanimous verdicts and should be overturned and that the State should be barred from trying him again "upon the matters upon which acquittals were recorded."

## LAW AND ANALYSIS

Defendant was charged with second degree murder (count one), attempted second degree murder (count two), possession of a firearm by a convicted felon (count three), and illegal use of weapons (count four). Since the punishments for the offenses in counts one through three were necessarily confinement at hard labor, a jury of twelve persons was required. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782. Also, a jury of twelve persons was required for count four since it was charged in the same indictment as the other counts because it was part of a

---

[1] In his original brief, defendant raised four assignments of error, one of which involved a challenge to the sufficiency of the evidence. We have reviewed the record for sufficiency of the evidence and find that the State offered evidence at trial that a jury could find sufficient to support the convictions in counts two, three, and four, pursuant to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thus, defendant is not entitled to an acquittal for the crimes of which he was convicted under *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). *See State v. Hearold*, 603 So.2d 731 (La. 1992) and *State v. Harrell*, 19-371 (La. App. 5 Cir. 7/8/20), 299 So.3d 1274, 1280 n.12.

"common scheme or plan." *See* La. C.Cr.P. arts. 493, 493.2, 782. Non-unanimous verdicts were previously allowed under these provisions and based on the circumstances of the instant case. The constitutionality of non-unanimous jury verdicts was upheld in both *State v. Bertrand*, 08-2215, 08-2311 (La. 3/17/09), 6 So.3d 738, and *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972).

However, in *Ramos v. Louisiana*, 590 U.S. - - , 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the United States Supreme Court found that the Sixth Amendment right to a jury trial, as incorporated against the states by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[2] The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally … So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Ramos*, 140 S.Ct. at 1397. According to *Ramos*, Louisiana will have to retry defendants who have been convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct review. *See State v. Kelly*, 19-425 (La. App. 5 Cir. 7/31/20), 299 So.3d 1284; *State v. Rivas*, 19-378 (La. App. 5 Cir. 5/21/20), 296 So.3d 1198; *State v. Spottsville*, 20-99 (La. App. 5 Cir. 12/23/20), 308 So.3d 1240.

In the present case, according to the trial court's *per curiam*, defendant was convicted of attempted manslaughter (count two),[3] possession of a firearm by a

---

[2] For purposes of the Sixth Amendment, federal law defines serious offenses as offenses subject to imprisonment over six months. *State v. Harrell*, 299 So.3d at 1283.

[3] In count two of the indictment, defendant was charged with attempted second degree murder but was convicted of the lesser included offense of attempted manslaughter by a non-unanimous verdict. In his supplemental appellate brief, defendant asserts that the jury implicitly acquitted him of attempted second degree murder when it returned the verdict of attempted manslaughter. Thus, defendant asserts that the State should be barred from trying him again for attempted second degree murder. At this point, we find this issue to be premature as, to our knowledge, the State has not indicated whether it will seek to re-try defendant on the attempted second degree murder charge.

convicted felon (count three), and illegal use of weapons (count four) by a non-unanimous jury verdict.  Because the verdicts for these serious offenses were not unanimous and the case is still on direct review, we find that defendant is entitled to a new trial on counts two, three, and four pursuant to the holding in *Ramos*, *supra*.[4]

### CONCLUSION

For the foregoing reasons, we vacate defendant's convictions and sentences for attempted manslaughter, possession of a firearm by a convicted felon, and illegal use of weapons, and we remand the matter to the trial court for further proceedings consistent with this opinion.

**CONVICTIONS AND SENTENCES
VACATED; MATTER REMANDED**

---

[4] We recognize that defendant was found not guilty of second degree murder (count one) by a non-unanimous jury.  This opinion in no way implicates that verdict.  First, when the trial court asked the jurors what their verdict was on count one, it went beyond this Court's January 29, 2021 directive to ascertain whether the verdict on each count for which defendant was convicted was unanimous.  Further, La. C.Cr.P. art. 912(C) provides that "[t]he judgments or rulings from which the defendant may appeal include, but are not limited to: (1) A judgment which imposes sentence."  Defendant did not appeal count one because he was not convicted or sentenced on that count.  Accordingly, count one is not before this Court on appeal.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 3, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-95

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
HENRI P. DUFRESNE (APPELLEE)          HONORABLE BRIDGET A. DINVAUT          C. GARY WAINWRIGHT (APPELLANT)
GRANT L. WILLIS (APPELLEE)            (APPELLEE)

**MAILED**
HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802