STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-117

STATE OF LOUISIANA IN THE INTEREST OF A.J.J.

**********
ON APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. JC-2022-18
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********
**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Jonathan W. Perry, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED IN PART AND REMANDED.**

Shanta Tomeka Gilbert
Attorney at Law
2352 Highway 190 West
DeRidder, LA 70634
(337) 460-1886
**COUNSEL FOR APPELLANT**:
A.J.J.

Hon. James R. Lestage
District Attorney, 36th Judicial District
Adam M. Bone
Assistant District Attorney
124 South Stewart Street
DeRidder, LA 70634
(337) 463-5578
**COUNSEL FOR APPELLEE**:
State of Louisiana

**PERRY, Judge.**

The issue in this case is whether the juvenile court erred when it adjudicated A.J.J. ("the Juvenile") delinquent for the commission of three criminal offenses and issued a judgment of disposition. For the following reasons, we affirm the three adjudications, vacate the Juvenile's judgment of disposition, and remand the case for the juvenile court to impose a separate disposition for each adjudication.

## FACTS AND PROCEDURAL HISTORY

On February 11, 2022, local, uniformed law enforcement personnel provided security at DeRidder High School during a basketball game between DeRidder High School and Leesville High School. After the game, Corporal Timothy Hardy ("Corporal Hardy") of the Beauregard Parish Sheriff's Office observed a fight between the Juvenile and another individual. As Corporal Hardy approached, some students and parents broke up the fight by pulling the pair apart. Because the Juvenile appeared to be very upset, Corporal Hardy advised the Juvenile and other people around him to calm down and leave the school grounds.

Despite Corporal Hardy's warning, the Juvenile continued to try to free himself from the people who were holding him; apparently, he freed an arm, as he punched Corporal Hardy in the face, knocking off the corporal's eyeglasses.[1] Corporal Hardy then moved to make an arrest, grappling with the Juvenile, who continued to punch him. Corporal Hardy maneuvered the Juvenile face down to the ground and got him under control. Despite Corporal Hardy's actions, the Juvenile pulled his arms away to prevent being handcuffed. Other law enforcement personnel then assisted Corporal Hardy in getting control of the Juvenile, who at one point had managed to turn face up. With the other officers' help, Corporal Hardy was finally

---

[1] At the adjudication hearing, the juvenile court observed that the Juvenile was larger than Officer Hardy.

able to handcuff the Juvenile.  At that point, the Juvenile stopped struggling, and he was arrested.

On March 20, 2022, the State filed a petition alleging that the Juvenile should be adjudicated delinquent based on the following statutory violations: La.R.S 14:108.2(A)(1), resisting a police officer with force or violence; battery of a police officer;[2] and La.R.S. 14:103.(A)(1), disturbing the peace by fistic encounter.  An answer hearing was held on April 12, 2022, at which time the Juvenile, accompanied by retained counsel, denied the allegations made against him.

The adjudication hearing was first set for June 14, 2022.  It was continued and refixed multiple times on June 14, July 6, July 13, and September 27, 2022, to allow the possibility of extra-judicial resolution of this matter.  Ultimately, all efforts to resolve the matter failed.

On October 19, 2022, the State filed a motion in limine to qualify Deputy Todd Ory ("Deputy Ory"), an instructor for the Calcasieu Parish Sheriff Office's Training and Police Academy, as an expert in defensive tactics and use of force by law enforcement.  The Juvenile filed an opposition to the State's motion and the matter was set to be heard immediately prior to the adjudication hearing.

On October 20, 2022, the Juvenile requested that a subpoena duces tecum be issued to the DeRidder Police Department to produce "the employee records for former police officer Timothy Hardy, including, but not limited to, all disciplinary actions, use of force reports, etc."  In response to that request, the State filed a motion to quash the subpoena on October 25, 2022, contending that: (1) the request was untimely; and (2) a review of the records showed no exculpatory evidence.  In the alternative, the State asked the juvenile court to conduct an in-camera inspection of

---

[2] The State's petition failed to denote the statutory basis for this allegation.  Nevertheless, we address this issue later in this opinion.

2

the employment record of the officer to see if there was any discoverable evidence which should be made available to the Juvenile. The matter was then taken under advisement by the juvenile court to conduct the in-camera inspection of the records offered by the State.

On October 28, 2022, after reviewing Corporal Hardy's employment records, the juvenile court granted the State's motion to quash the Juvenile's subpoena duces tecum. In its ruling, the juvenile court found: (1) no exculpatory evidence, impeachment evidence, or any relevant evidence that would be helpful in the defense of the Juvenile; (2) there was no indication that Corporal Hardy acted inappropriately toward the Juvenile; and (3) there was no finding that Corporal Hardy ever used undue force or violence toward any defendant.

The juvenile court began an adjudication hearing on November 2, 2022. Just prior to the adjudication hearing, the juvenile court conducted a hearing on the State's motion to qualify Deputy Ory as a potential expert witness who may be called by the State. After hearing testimony and argument from both counsels, the juvenile court qualified Deputy Ory as an expert witness. Despite this ruling, the record shows the State did not call Deputy Ory to testify at the adjudication hearing.

Although some testimony was heard on November 2, 2022, the adjudication hearing was continued to November 22, 2022. Immediately after the close of evidence, the juvenile court adjudicated the Juvenile delinquent based on the three offenses identified in the State's petition.

On January 17, 2023, the juvenile court ordered the Juvenile to serve ninety days in detention, suspended that detention, and placed him on supervised probation until his eighteenth birthday; the period of probation was subject to mandatory and special conditions. On January 23, 2023, the juvenile court issued an amended

3

judgment of disposition, which placed the Juvenile on probation to be supervised by an officer of the OJJ Division of Youth Services for a period not to exceed his eighteenth birthday. The judgment further ordered the Juvenile to: (1) avoid fighting; (2) observe times of curfew from 9:00 PM to 6:00 AM Sunday through Thursday, and times of curfew from 10:00 PM to 6:00 AM Friday through Saturday; (3) attend school every day school is in session, unless legally excused; (4) not use or possess any alcohol or drugs while on probation, unless prescribed by a licensed Physician in the United States; (5) refrain from vaping; (6) take prescription medications as prescribed; (7) continue to wear ankle bracelet for electronic monitoring; (8) have no contact with Raheem Spikes, Angelina Spikes and Hunter Robert; (9) continue all mental health evaluations and cooperate with Rehab Services that juvenile is currently seeing for mental health counseling, which is the Rehabilitation Services of Southwest Louisiana; (10) not use or possess any firearms and/or ammunition; (11) have no association with any gangs or members of gangs; (12) have no contact with any juvenile or adult that is currently on probation; (13) submit to random drug and alcohol screens at the direction of the probation officer; and (14) perform twenty hours of community service within the next four months, at a job site to be determined by the probation officer.

The Juvenile now appeals the adjudication, assigning four errors.

## APPELLANT'S ASSIGNMENTS OF ERROR

1. The [juvenile] court was manifestly erroneous in adjudicating the minor child A.J. J. delinquent of all three charges as listed in the Petition for Adjudication filed by the State.

2. The [juvenile] court was manifestly erroneous in certifying Deputy Ory as an expert in the field of use of force and defensive tactics in this matter as his testimony was not relevant to the case before the Court.

3. The [juvenile] court was manifestly erroneous in sustaining

4

the objection of the State regarding the question of the Appellant about whether there was a use of force report filed by Corporal Hardy following the incident on February 22, 2022.

4. The [juvenile] court was manifestly erroneous in allowing the testimony of Officer Christopher Stracener.[3]

## ERRORS PATENT

Although the Louisiana Children's Code is silent about whether a juvenile criminal proceeding is entitled to an error patent review, we have long found that La.Ch.Code art. 104 and La.Code Crim.P. art. 920 mandate such a review. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. After reviewing the record, we find there are several errors patent. However, only one issue requires discussion and necessitates remedial action by the juvenile court.[4]

---

[3] We have adjusted the order of the Juvenile's assignments of error so that we could first examine his challenge to the sufficiency of the evidence used to support his adjudication. In *State v. Hearold*, 603 So.2d 731, 734 (La.1992) (footnote omitted), the court stated:

> When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) in the light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt. When the entirety of the evidence, including inadmissible evidence which was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to that crime would be pure dicta since those issues are moot.

A holding in the Juvenile's favor on this assignment of error would necessitate that any adjudication resting on insufficient evidence be vacated.

[4] The three errors patent that are noted but that do not need elaboration are: first, failure of the petition to list the place of birth of the Juvenile and failure to specify the statutory citation for battery of an officer. These omissions are defects as to form, *see* La.Ch.Code art. 844-45; because the Juvenile has not alleged prejudice because of these omissions, these are not grounds for dismissal of the petition or invalidation of the proceedings; second, failure to inform the Juvenile of his rights when he appeared to answer the petition, a requirement of La.Ch.Code art. 855. This error is harmless because the Juvenile was represented by counsel and the allegations of the petition were denied; third, the failure to conduct the adjudication hearing within ninety days of the appearance to answer the petition as required by La.Ch.Code art. 877. The record shows that there was good cause for the delay, i.e., the parties were seeking to resolve this matter, and the Juvenile never objected to the delay and never moved to dismiss the petition pursuant to La.Ch.Code art. 877(C), *see State in the Interest of M.P.*, 20-567 (La. 11/4/20), 303 So.3d 622.

5

Turning now to the judgment of disposition, we observe that the juvenile court imposed a single disposition for the three offenses, rendering the disposition indeterminate. In *State ex rel. S.C.J.*, 09-1272, p. 14 (La.App. 3 Cir. 2/3/10), 28 So.3d 1206, 1214-15, *writ denied,* 10-496 (La. 4/5/10), 31 So.3d 363, this court stated:

> In our error patent review, we note that the sentence imposed by the trial court is indeterminate. The trial court erred by failing to impose a disposition on each adjudication. *See State in the Interest of J.G.*, 94–194 (La.App. 5 Cir. 7/26/94), 641 So.2d 633.
>
> S.C.J. was charged with armed robbery with use of a firearm and attempted second degree murder, and he was adjudicated by the trial court on these counts. The transcript of the disposition by the trial court provides in pertinent part:
>
> > I am accepting the recommendation to place him with the Department for—not to exceed two years. The only thing I'm going to do differently is place him in the Department for evaluation determining the most appropriate placement. . . .
>
> So, I'm not saying secure now[,] and I'm not saying nonsecure. The trial court also ordered reevaluation of the disposition on January 11, 2010. Hence, there is but one disposition for two adjudications.
>
> Accordingly, we vacate the disposition and remand the matter to the trial court for imposition of a separate disposition for each adjudication. Additionally, we order the trial court to enter into the record a written judgment of the dispositions in accordance with La.Ch.Code art. 903.

*See also State in the Interest of C.N.*, 22-80 (La.App. 3 Cir. 6/1/22) (unpublished opinion) (2022 WL 1766018).

Accordingly, we vacate the judgment of disposition and remand the case for the juvenile court to impose a separate judgment of disposition for each adjudication.[5] We now turn our attention to the Juvenile's assignments of error.

---

[5] On remand, the juvenile court is directed to also advise the Juvenile of the two-year prescriptive period for filing an application for post-conviction relief as required by La.Code Crim.P. art. 930.8 and as applied by this court in juvenile cases. *See, e.g., R.R.B.*, 353 So.3d 883;

6

## ASSIGNMENT OF ERROR NUMBER ONE:
## SUFFICIENCY OF THE EVIDENCE

## APPELLANT'S ARGUMENT

The Juvenile argues that the State failed to meet its burden of proving each element of the three crimes listed in the petition which sought to have him adjudicated as a delinquent. He contends that the testimony of the officers did not show that he was fighting anyone, including Corporal Hardy, or that he was resisting arrest. The Juvenile does, however, agree that he was disturbing the peace due to his voice being raised.

## APPELLEE'S POSITION

The State contends that the direct and circumstantial evidence, when considered in its totality and in the light most favorable to the State, was more than legally sufficient to sustain the Juvenile's adjudication as a delinquent for resisting a police officer with force or violence, battery of a police officer, and disturbing the peace by fistic encounter.

## APPLICABLE LAW

The analysis for sufficiency of the evidence is well-settled and was succinctly outlined in *State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371, as follows:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to

*State in the Interest of H.B.*, 22-157 (La.App. 3 Cir. 10/19/22), 350 So.3d 214, *writ denied*, 22-1691 (La. 2/7/23), 354 So.3d 672. The juvenile court should also indicate whether the Juvenile should be given credit for time spent in secure detention, if any, prior to the judgment of disposition. La.Ch.Code art. 898(A).

7

weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess [sic] the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

Specifically, with regard to juvenile adjudications, the supreme court stated in

*State in the Interest of E.S*., 18-1763, p. 10 (La. 10/22/19), 285 So.3d 1046, 1054:

> It is axiomatic that in a juvenile adjudication proceeding, as in any criminal trial, the State must prove beyond a reasonable doubt every element of the offense alleged in the petition. Ch. C. art. 883 ("In order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition."); *In Re Winship*, 397 U.S. 358, 365, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ("The same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child."); *State in the Interest of D.P.B*., 02-1742, p. 4-5 (La. 5/20/03), 846 So. 2d 753, 756-57. The constitutional standard of review for juveniles is likewise identical to that of adults, i.e. the appellate court must determine whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the State proved all of the essential elements of the crime beyond a reasonable doubt. Ch. C. art. 883; *State ex rel. R.T*., 00-0205, p. 2 (La. 2/21/01), 781 So. 2d 1239, 1241 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Elaborating on that standard of review, in *State in Interest of R.R.B.*, 22-397,

p. 8 (La.App. 3 Cir. 10/26/22), 353 So.3d 883, 888, *writ denied*, 22-1725 (La.

3/28/23), 358 So.3d 496, we stated:

> R.R.B. directs this court to *State in the Interest of M.P*., 17-892 (La.App. 1 Cir. 11/1/17), 233 So.3d 633, for the proposition that both facts and law are subject to review in the appeal of a delinquency adjudication. The supreme court has cautioned, however, that an appellate court must not "los[e] sight of the basic principle on review that the rational fact finder test of *Jackson v. Virginia*, 'does not permit a reviewing court to substitute its own appreciation of the evidence for that of the [fact finder].' " *State in Interest of C.D.*, 11-1701, p. 6 (La. 7/2/12), 93 So.3d 1272, 1276 (per curiam) (quoting *State v. Lubrano*, 563 So.2d 847, 850 (La.1990). Rather, an appellate court must not ordinarily assume the role of the factfinder in evaluating witness credibility or in weighing the respective credibility of those witnesses. *Id.*

## ANALYSIS

We will apply the assessment outlined in *Kennerson*, 695 So.2d 1367, *State in the Interest of E.S.*, 285 So.3d 1046, and *State in Interest of R.R.B.*, 353 So.3d 883, to the three allegations upon which the State sought to have the Juvenile adjudicated a delinquent.

The first contention alleged in the petition was based on La.R.S. 14:108.2(A)(1), a felony, which states:

> A. Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:

> (1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.

Corporal Trey James ("Corporal James") of the Beauregard Parish Sheriff's Office testified that the Juvenile pulled his arms away from police officers, making it difficult to restrain him. Lieutenant Charles McKinney ("Lieutenant McKinney") of the Beauregard Parish Sheriff's Office testified similarly. Corporal Hardy also testified that the Juvenile physically resisted being handcuffed, including throwing punches. Lieutenant McKinney further testified that Corporal Hardy and all the deputies on the scene were in uniform and multiple officers were giving the crowd commands to disperse. Corporal Hardy testified to the same effect and stated that he verbally advised the Juvenile that he was under arrest.

Thus, our review of the evidence demonstrates the Juvenile had reasonable grounds to believe that Corporal Hardy and the other deputies were police officers, that they were arresting him, and that these officers were otherwise performing their duties. Further, the Juvenile violently and physically resisted arrest.

9

In his argument to this court, the Juvenile attacks the credibility of the various officers who testified, specifically pointing out that not every officer on the scene saw the Juvenile throwing punches. Lieutenant McKinney testified specifically that even though he did not see the Juvenile throw punches, he explained that his attention was divided due to the crowd at the scene. Detective Chris Stracener ("Detective Stracener") of the DeRidder Police Department, who helped restrain the youth, testified that he saw the Juvenile strike an officer from a supine position, but he did not know who the officer was at the time. Corporal James, who also assisted in restraining the Juvenile, testified that although the young man struggled to avoid being handcuffed, he did not see him throw any punches.

"It is well settled that the factfinder is free to accept or reject some, none, or all of any witness'[s] testimony." *State v. Savoy*, 06-191, p. 10 (La.App. 3 Cir. 5/31/06), 931 So.2d 1207, 1213. Further, it is clear from both *Kennerson* and *State in the Interest of R.R.B.* that credibility determinations are within the province of the factfinder.

The Juvenile also complains that the State presented no photographs of his hands, even though it could have helped prove the State's case. It is well established that the State's method of putting on its case is within its own control. *State v. Green*, 94-986 (La.App. 3 Cir. 3/1/95), 651 So.2d 435.

For the reasons discussed, we find the Juvenile's arguments regarding his adjudication based on the charge of resisting an officer with force lack merit.

The Juvenile's second contention focuses on his adjudication for battery of a police officer. Louisiana Revised Statutes 14:34.2 states in pertinent part:

> A. (1) Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.

10

(2) For purposes of this Section, "police officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, juvenile detention facility officers, federal law enforcement officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.

Corporal Hardy testified that when he approached the Juvenile and instructed him to leave the area, the Juvenile punched him in the face. In addition, testimony and photographs indicated that Corporal Hardy suffered minor facial injuries. Such evidence arguably weighed in favor of Corporal Hardy's credibility. Generally, the Juvenile's arguments attacking the adjudication and the reasons for affirming it are the same as those discussed regarding the previous argument. Thus, for the same reasons assigned above, we find no merit to the Juvenile's argument.

Finally, regarding the adjudication for disturbing the peace by fistic encounter, the relevant statute is La.R.S. 14:103(A)(1), which states:

A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:

(1) Engaging in a fistic encounter[.]

From the outset, we must determine whether the Juvenile's admission at trial and in brief that he disturbed the peace by raising his voice precludes us from addressing this aspect of his assignment of error. At one point, the Juvenile indicates that he did disturb the peace by being loud but not by fistic encounter. During closing argument by the Juvenile's counsel, she indicated he admitted to disturbing the peace; she also appeared to concede that he resisted arrest, but argued the evidence did not show he committed any violent actions. After the closing arguments, the juvenile court rendered its adjudications; with regard to the disturbing the peace charge, it simply stated: "And he's already admitted to count three[, disturbing the peace by fistic encounter]."

11

After carefully reviewing the record, we find the admission before the factfinder in the present case was not the type of admission that could conceivably preclude appellate review of the issue. Clearly, as the case was presented to the factfinder, the Juvenile continued to contest whether he took any violent action. Thus, we find it appropriate to consider whether the State proved the Juvenile disturbed the peace by engaging in a fistic encounter.

Regarding the substance of the offense, Corporal Hardy testified he observed the Juvenile fighting another male. In his testimony, Corporal Hardy explained that this was how the incident at issue began, and it was his desire to have the fighters and the rest of the crowd disperse and leave the campus. However, the Juvenile remained agitated and punched Corporal Hardy, as already discussed. Although the Juvenile bases his attack on the credibility of the State's witnesses, as noted above, an appellate court must not ordinarily assume the role of the factfinder in evaluating witness credibility or in weighing the respective credibility of those witnesses.[6] *State in Interest of R.R.B.*, 353 So.3d 883. We find the Juvenile's fight on campus, as witnessed by Corporal Hardy, meets the elements of La.R.S. 14:103(A)(1) and establishes that the Juvenile disturbed the peace by engaging in a fistic encounter.

For the reasons discussed, this assignment of error lacks merit.

---

[6] The lack of photographs of the Juvenile's hands does not affect the witnesses' credibility. To the extent the officers' testimonies differed, such differences are logical, as various individuals standing or moving in different locations perceive and remember varying versions of the same incident. Further, as one officer stated, the situation was chaotic. The sole item of video evidence introduced at trial, Corporal James's bodycam footage, bears this out. Because the camera was so close to the arrest, the details of the relevant action are difficult to discern. Nonetheless, its recorded footage suggests that the situation was chaotic.

## ASSIGNMENT OF ERROR NUMBER TWO: EXPERT CERTIFICATION

## APPELLANT'S ARGUMENT

The Juvenile argues that the juvenile court committed manifest error by certifying Deputy Ory as an expert in the use of force and defensive tactics. The Juvenile implies that because the court heard Deputy Ory's comments during a pre-adjudication hearing regarding his expertise, the expert's opinion unduly influenced the court in its adjudication of delinquency.

## APPELLEE'S POSITION

The State asserts that the assignment is moot because Deputy Ory did not testify at the adjudication hearing.

## ANALYSIS

"Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim." *Todd v. State Through Dep't of Soc. Servs., Office of Cmty. Servs.*, 96–3090, p. 16 (La. 9/9/97), 699 So.2d 35, 43. Moreover, "[a]ccording to Louisiana jurisprudence, an issue is 'moot' when a judgment or decree on that issue has been 'deprived of practical significance' or 'made abstract or purely academic.'" *Cat's Meow, Inc. v. City of New Orleans, Through Dep't of Finance*, 98-601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193.

The Juvenile cites no evidence from the record to support the implication that the comments of Deputy Ory unduly influenced the juvenile court. From the outset, we make three observations. First, this was a bench trial, and the hearing on the State's motion in limine took place immediately before the adjudication hearing. Second, although it was revealed during the hearing on the State's motion that the State provided Deputy Ory with bodycam and cellphone footage of the scene following the basketball game between DeRidder and Leesville, the deputy did not

comment about what he saw in that footage during the hearing and expressed no opinion about what was depicted on that footage. Third, even though the juvenile court certified Deputy Ory as an expert witness and heard evidence of his expertise, the State never called Deputy Ory to testify during the adjudication hearing, and his appreciation of what he observed in the footage he reviewed was never shared with the juvenile court. Clearly, the facts reveal that the Juvenile impermissibly relies on speculation, particularly because Deputy Ory never testified about the merits of the State's case.

For the reasons discussed, this assignment is without merit.

### ASSIGNMENT OF ERROR NUMBER THREE: EVIDENTIARY RULING

### APPELLANT'S ARGUMENT

During the adjudication hearing, the juvenile court sustained the State's objection to the Juvenile's questions regarding whether there was a use of force report filed regarding Corporal Hardy. The Juvenile contends that the juvenile court committed manifest error when it found this line of questioning was not relevant.

In his single-paragraph appellate argument, the Juvenile argues "[t]he use of force is absolutely relevant in the matter" in light of the court's earlier decision to recognize Deputy Ory as an expert in the use of force. Arguing that this line of questioning was relevant, the Juvenile states explicitly what he implied in his first assignment of error, i.e., that Deputy Ory's testimony during the hearing on his expertise improperly influenced the court's ultimate decision to adjudicate him delinquent.

### APPELLEE'S POSITION

The State contends that the juvenile court's ruling, which sustained its objection, was proper based on the court's earlier ruling which quashed the

14

Juvenile's subpoena duces tecum which sought any reports filed that may have involved Corporal Hardy's use of excessive force at the time of the Juvenile's arrest. Thus, it argues that such evidence was irrelevant because the Juvenile never asserted a claim that he was acting in self-defense.

## ANALYSIS

"Appellate court[s] review evidentiary rulings of a trial court using the abuse of discretion standard." *Acadiana Renal Physicians v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, 22-16, p. 5 (La.App. 3 Cir. 1/28/22), 334 So.3d 1, 6, *writ denied*, 22-343 (La. 4/5/22), 335 So.3d 833.

For the following reasons, we find the juvenile court did not abuse its discretion in finding the Juvenile's questions about the use of force was irrelevant. Initially, we observe that the Juvenile never contended that Corporal Hardy used excessive force, and he never asserted a claim of self-defense. Moreover, in response to the State's motion in limine to recognize Deputy Ory as an expert, the Juvenile's memorandum in opposition specifically states, "Deputy Tim Hardy's use of excessive force against [the Juvenile] is not before the present Court and is not relevant as to the charges against the "[Juvenile]".[7]

For the reasons discussed, this assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER FOUR:
### TESTIMONY OF OFFICER STRACENER

### APPELLANT'S ARGUMENT

In his fourth assignment of error, the Juvenile argues the juvenile court committed manifest error when it allowed Detective Stracener to testify. On appeal,

---

[7] Additionally, we observe that the Juvenile has not urged that the juvenile court further abused its broad discretion when it quashed his subpoena duces tecum for the employment records of Officer Hardy. At the heart of that request was the Juvenile's assertion that excessive force was evidence that was applicable at the adjudication hearing. In quashing that subpoena duces tecum, the juvenile court specifically found this evidence was not relevant.

the Juvenile complains that the officer had not filed a written report after the incident. The Juvenile argues that the absence of such a report makes the officer's testimony incredible. In support of this, the Juvenile points out that the officer's credibility was called into question because he remembered details of the incident without a report to aid him.

## APPELLEE'S POSITION

The State argues that Detective Stracener was competent to testify, and his testimony was relevant. It further contends that to the extent that the Juvenile suggests the officer was not credible, that issue was within the purview of the juvenile court and its ruling was not manifestly erroneous.

## ANALYSIS

In *McCann v. McCann*, 09-1341, p. 8 (La.App. 3 Cir. 3/10/10), 33 So.3d 389, 395 (quoting *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 04–1311, p. 9 (La.App. 1 Cir. 6/15/05), 925 So.2d 1, 6–7), we stated:

> At trial, a party must make a timely objection to evidence that the party considers inadmissible *and* must state the specific ground for the objection. La. C.E. art. 103 A(1); La. C.C.P. art. 1635. The reasons for the objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. *See Jeansonne v. Bosworth,* 601 So.2d 739, 744 (La.App. 1st Cir.1992), *writ not considered,* 614 So.2d 75 (La.1993). An appellate court will therefore not consider a ground for objection different from the grounds raised at trial. *Tutorship of Price v. Standard Life Ins. Co.,* 569 So.2d 261, 264 (La.App. 2d Cir.1990), *writs denied,* 572 So.2d 91, 92 (La.1991).

In the present case, the record shows that the Juvenile objected at the adjudication hearing to the officer's testimony on the grounds that the evidence presented had not been provided to him during discovery and offered no other basis.

Even though the Juvenile restates that the State had not provided him with the officer's statements, the crux of his argument to us is that the officer's testimony

16

was not credible.  We earlier addressed the sufficiency of the evidence and noted that credibility determinations are within the province of the factfinder.  *See Kennerson*, 695 So.2d 1367, and *R.R.B.*, 353 So.3d 883.  As such, the Juvenile's argument is, at best, an attempted extension of the credibility attack he advanced in his contention that the evidence was insufficient—an argument which he cannot raise for the first time on appeal and one we have already found meritless.

Thus, this assignment of error fails because we cannot address it for reasons enunciated in *McCann* and further for the same reasons that the credibility attack discussed earlier was found meritless as part of our *Jackson* review.

**DECREE**

For the foregoing reasons, we affirm the Juvenile's adjudications, vacate the Juvenile's judgment of disposition, and remand the case for the juvenile court to impose a separate judgment of disposition for each adjudication.

**AFFIRMED IN PART AND REMANDED.**